IN THE CIRCUIT COURT FOR
PRINCE GEORGE'S COUNTY MARYLAND
(Upper Marlboro Civil Division)

| | |
|---|---|
| **Troy Alston** <br> 10012 Cedarhollow Lane <br> Largo, Maryland 20774 <br><br> Plaintiffs, <br><br> **Experian Information Solutions, Inc.** <br> Serve: Corp Trust Inc. <br> 351 W. Camden Street <br> Baltimore, Maryland 21201 <br><br> Defendant, <br><br> **Equifax Information Services, LLC** <br> Serve: CSC-Lawyers Incorp Srvc Co. <br> 7 Saint Paul Street, Suite 820 <br> Baltimore, Maryland 21202 <br><br> Defendant, <br><br> **Trans Union, LLC** <br> Serve: CSC-Lawyers Incorp Srvc Co. <br> 7 Saint Paul Street, Suite 820 <br> Baltimore, Maryland 21202 <br><br> Defendant, <br><br> **Williams & Fudge, Inc.** <br> Serve: Corp Trust Inc. <br> 351 West Camden Street <br> Baltimore, Maryland 21201 <br><br> Defendant, <br><br> **George Mason University** <br> Serve: Angel Cabrera <br> 4400 University Drive <br> Fairfax, Virginia 22030 <br><br> Defendant. | Civil Action No. CAL15-32757 |

1

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Troy Alston, and for his complaint against the Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Transunion"), William & Fudge, Inc. ("W&F") and George Mason University ("GMU") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"); Fair Debt Collection Practice Act, 15 U.S.C. §1692 et seq. ("FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., §14-201 et seq. (MCDCA), and the Maryland Consumer Protection Act, Md. Code Ann., §13-301 et seq. (MCPA).

## PARTIES

2. The plaintiff is a natural person and resides in the state of Maryland.

3. Defendants Equifax, Transunion and Experian are foreign corporations operating throughout the entire United States, including the State of Maryland. Each is a "consumer reporting agency" (or "CRA") as defined by the FCRA, 15 U.S.C. § 1681a(f) for each is regularly engaged in the practice of assembling and evaluating consumer credit information for the purpose of preparing consumer reports, as the term is defined in 15 U.S.C. 1681a(d), commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

4. Defendant W&F is a debt collector that focuses its business in the recovery of education-related receivables.

5. Defendant GMU is a large state university located in Virginia and has a student population of more than 34,000.

## FACTS

6. In fall or winter of 2012 Mr. Alston enrolled in a course at GMU but timely withdrew his enrollment.

7. Because Mr. Alston timely withdrew his enrollment GMU was required to drop the charges for the course enrollment.

8. In 2014 W&F began contacting Mr. Alston in regards to a purported GMU delinquent debt.

9. Mr. Alston contacted W&F to advise it that the debt was illegitimate.

10. During his conversation with W&F, Mr. Alston inquired as to W&F's legal authority to collect the debt from him.

11. W&F had no legal authority and no legitimate reason to collect a debt from Mr. Alston. Rather than stating the truth that W&F had no authority to collect the debt, W&F misrepresented the truth and stated W&F was reporting the debt to Mr. Alston's credit report and that was proof of its authority to collect the debt.

12. After an unsuccessful attempt to dispute the debt directly with W&F, Mr. Alston submitted his dispute to Experian, Equifax and Transunion.

13. In his dispute he explained that he did not owe the debt to GMU because he cancelled his enrollment in time to have the enrollment fee dropped.

14. Mr. Alston also disputed the debt on the basis that the class enrollment fee was $125 and not $162.

15. He further disputed the debt on the basis that W&F did not have any contracts with GMU and requested W&F produce the contract between Mr. Alston and GMU.

16. Equifax responded by sending Plaintiff its reinvestigation results, which stated the collection account was deleted from his Equifax credit file.

17. The reinvestigation conducted by Equifax in response to Plaintiff's dispute was nothing more than Equifax forwarding notice of Plaintiff's dispute to W&F and Equifax blindly accepting and reporting the results of W&F's investigation results.

18. The collection account was also removed from the Experian and Trans Union credit reports but neither sent Mr. Alston the investigation results.

19. The reinvestigation conducted by Experian and Trans Union in response to Plaintiff's dispute was nothing more than forwarding notice of Plaintiff's dispute to W&F and blindly accepting and reporting the results of W&F's investigation results

## COUNT ONE: VIOLATIONS OF FDCPA
### (as to Defendant Williams & Fudge)

20. Plaintiff incorporates paragraphs 1 through 19.

21. Defendant W&F violated 15 U.S.C. §1692e during its debt collection attempts by misrepresenting that its reporting of the debt to the credit reporting agencies was proof that W&F had a right to collect the debt.

22. Defendant W&F violated 15 U.S.C. §1692e during its debt collection attempts by misrepresenting the debt amount was $162.00.

23. Defendant W&F violated 15 U.S.C. §1692e during its debt collection attempts by reporting the debt to the credit reporting agencies when the Defendant knew the Plaintiff was not obligated to pay that debt.

24. As a result of the conduct of the Defendant W&F, Plaintiff suffered actual damages including out-of-pocket expenses, credit damage, frustration, anger, humiliation and other emotional and mental distress.

25. Defendant W&F's conduct was the proximate cause of Plaintiff's injuries, rendering Defendant liable for actual damages to Plaintiff in an amount of $10,000 pursuant to 15 U.S.C. §1692k(a)(1), liable for statutory damages to Plaintiff in an amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

## COUNT TWO: VIOLATIONS OF MCDCA
### (as to Defendant W&F and GMU)

26. Plaintiff incorporates paragraphs 1 through 25.

27. Defendant W&F violated MCDCA, §14-202(8) by claiming a right to collect $162 when it knew the enrollment fee was $125.00.

28. Defendant W&F violated MCDCA, §14-202(8) by claiming a right to collect $162 when it knew GMU had no contractual or otherwise legal right to collect the enrollment fee from Plaintiff after he withdrew his enrollment in time for the charges to be dropped.

29. Defendant W&F violated MCDCA, §14-202(3) by reporting a debt to the credit reporting agencies that Defendants knew the Plaintiff did not owe or otherwise had no legal obligation to pay.

30. W&F was retained by GMU and thus W&F is an agents of GMU.

31. W&F was acting at the behest of GMU when it attempted to collect the debt from Plaintiff and committed the foregoing violations enumerated above in paragraphs 26 thru 29.

32. W&F was performing duties within its scope of work with GMU when it committed the foregoing violations enumerated above in paragraphs 26 thru 29.

33. Under the doctrine of respondeat superior GMU is responsible for the acts of its agent, W&F, and is liable to the Plaintiff for W&F's illegal claims, threats and collection

attempts in violation of MCDCA, §14-202(3)&(8) as stated immediately above in paragraphs 26 thru 29.

34. Defendants foregoing MCDCA violations caused the Plaintiff to endure damages including out-of-pocket expenses, credit damage, frustration, anger, humiliation and other emotional and mental distress, rendering Defendants liable for actual damages in an amount of $10,000 pursuant to MCDCA, §14-203 and for attorney's fees pursuant to MCPA, §13-408(b).

## COUNT THREE: VIOLATIONS OF MCPA
### (as to Defendant W&F and GMU)

35. Plaintiff incorporates paragraphs 1-34 by reference.

36. Defendants W&F and GMU violated the MCPA §13-301(13)(iii) when it violated the MCDCA at §14-202(3)&(8) with knowingly false credit reporting and knowingly illegal claims to or attempts to collect a debt from the Plaintiff.

37. Defendants foregoing MCPA violations caused the Plaintiff to endure damages including out-of-pocket expenses, credit damage, frustration, anger, humiliation and other emotional and mental distress.

38. Defendants' conduct were the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in amount of $10,000 pursuant to the MCPA at §13-408(a), and for attorney's fees pursuant to MCPA, §13-408(b).

## COUNT FOUR: VIOLATIONS OF FCRA
### (as to Defendants Equifax, Experian and Transunion)

39. Plaintiff incorporates paragraphs 1-38 by reference.

40. Defendants Experian, Equifax and Trans Union violated their obligations under 15 U.S.C. §1681e(b) to follow reasonable procedures to assure maximum accuracy by relying on unreliable sources of information in the preparation of their Credit Reports.

41. W&F is not a reliable source of information for it often provides inaccurate information regarding debts allegedly owed by consumers.[1] Nevertheless, the Defendant credit reporting agencies do not maintain any reasonable procedures to prevent W&F's inaccurate reporting from appearing on consumers' Credit Reports.

42. W&F does not have an established track record of providing accurate credit information to Equifax, Experian and Transunion. W&F regularly and often report debts that they have no right to collect or for debts that consumers do not owe. Defendants know that W&F provides unreliable information because consumers have complained to Defendant CRAs about W&F's credit reporting.

43. Defendant CRAs' failure to maintain, employ or follow a reasonable procedure to safeguard against W&F's inaccurate credit reporting is a failure to maintain, employ or follow procedures to assure the maximum accuracy of information.

44. Defendant CRAs also violated 15 U.S.C. §1681i(a)(1),(2),(4)&(5) by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate.

45. A reasonable investigation of Plaintiff's dispute would have involved the Defendant CRAs actually reading the Plaintiff's dispute letter, making an individual assessment of the claims made in the dispute letter and reviewing and assessing the furnisher's conclusions. The Defendant CRAs did not read and assess Plaintiff's dispute but simply forwarded the dispute to W&F to assess the claims in the dispute and the CRAs parroted the results of W&F's investigation results.

---

[1] http://www.bbb.org/charlotte/business-reviews/collection-agencies/williams-and-fudge-in-rock-hill-sc-101178/complaints

http://www.ripoffreport.com/r/Williams-Fudge/ROCK-HILL-South-Carolina-297305/Williams-Fudge-I-guess-this-it-what-it-feels-like-to-have-your-credit-destroyed-over-a-927980

7

46. Defendant Experian and Transunion additionally violated 15 U.S.C. §1681i(a)(6) by failing to mail Plaintiff written notice of the results of their reinvestigation.

47. Defendants foregoing violations have caused the Plaintiff to suffer damages including out-of-pocket costs, loss of time, frustration, anger and other emotional or mental stress.

48. Pursuant to 15 U.S.C. §1681n, Defendants willful violation(s) of §1681i(a) render the Defendants liable for statutory and punitive damages, and actual damages for its negligent or willful violation(s), as well as attorney fees and costs, in an amount to be determined by the Court pursuant to §1681n and §1681o.

49. Plaintiff is seeking punitive damages in the amount of $50,000 for Defendants willful violations of the FCRA under 15 U.S.C. §1681n. Plaintiff is also seeking actual damages in the amount of $10,000 for Defendants' negligent and willful violations of the FCRA under 15 U.S.C. §§1681n & 1681o. Additionally, Plaintiff is entitled to statutory damages of $1,000 for each FCRA violation and his costs for bringing this action. Plaintiff also reserves his right to seek attorney fees.

## JURY DEMAND

50. Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in her favor for the following:

(a) Actual damages in the amount of $20,000 to Plaintiff for Counts I-IV;
(b) Statutory damages in the amount of $2,000 to Plaintiff for Counts I & IV;
(c) Punitive damages in the amount of $50,000 to Plaintiff for Count IV;
(d) Award reasonable attorney's fees and costs to Plaintiff for Counts I, III & IV; and
(e) Any such other relief the Court deems just, equitable and proper.

**Date: October 29, 2015**

Respectfully submitted,

TROY ALSTON

---

Troy Alston, Pro Se
10012 Cedarhollow Lane
Largo, Maryland 20774
Tel: (240) 354-9692